IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY D. MARVEL, | : |
| Petitioners, | : |
| v. | : Civil Action No. 24-370-CFC |
| JOSEPH TERRA, Sup't SCI Phoenix, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

I.  **INTRODUCTION**

In May 2006, a Delaware Superior Court jury found Petitioner guilty of second-degree criminal solicitation and second-degree conspiracy. The Superior Court sentenced Petitioner as a habitual offender on the criminal solicitation to life imprisonment. *See Marvel v. Phelps*, 2012 WL 404629, at *1 (D. Del. Feb. 7, 2012). Petitioner's convictions and sentence were affirmed on direct appeal. *See Marvel v. State*, 5 A.3d 631 (Table), 2010 WL 3636193, at *1 (Del. 2010).

Since 2006, Petitioner has filed numerous unsuccessful motions for postconviction relief in the Delaware state courts, as well as multiple unsuccessful motions for correction or modification of his sentence. *See Marvel v. State*, 293 A.3d 372 (Table), 2023 WL 2359243, at *1 (Del. Mar. 3, 2023) (collecting cases).

In 2008, Petitioner filed in this Court his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the Honorable Gregory M. Sleet denied in

February 2012, after determining that Petitioner's claims were procedurally barred. *See Marvel v. Phelps,* 2012 WL 404629, at *5-7 (D. Del. Feb. 7, 2012). Petitioner appealed. The Third Circuit Court of Appeals declined to issue a certificate of appealability in an order dated August 28, 2012, explaining that "jurists of reason would not find it debatable that the District court was correct in its ruling that appellant's cognizable habeas corpus claims are barred due to a procedural default, and that he failed to show cause or prejudice or that failure to consider his claims would result in a fundamental miscarriage of justice." *Marvel v. Phelps*, 2013 WL 6843008, at *1 (D. Del. Dec. 26, 2013).

In October 2014, Petitioner filed another § 2254 petition challenging his 2006 convictions and sentence. Judge Sleet dismissed this petition as an unauthorized second or successive habeas petition. (*See* D.I. 7 & 8 in *Marvel v. Pierce*, Civ. A. No. 14-1311-GMS) Petitioner did not appeal that decision.

In October 2022, Petitioner filed in the Delaware Superior Court a Rule 35(a) motion for correction of illegal sentence, arguing that his habitual offender sentence is illegal "because the State presented insufficient evidence to establish [his] predicate felony convictions for sentencing under 11 Del. C. 4214(a)." *Marvel,* 2023 WL 2359243, at *2. The Superior Court denied the Rule 35(a) motion, and the Delaware Supreme Court affirmed that decision, explaining that Petitioner was bound by the statements defense counsel made on Petitioner's behalf during the sentencing hearing that the predicate offenses identified by the State were the "requisite offenses in the requisite chronological order." *Id*.

2

Presently pending before the Court is Petitioner's newest petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 2006 convictions and habitual offender sentence for life imprisonment. (D.I. 1; D.I. 3) The Petition appears to assert three grounds for relief: (1) the sentencing court violated Petitioner's due process rights when sentencing him as a habitual offender because it relied "on untrue, inaccurate and unreliable supportive evidence of prior predicate felony convictions whose basis is found in plea bargain agreements as felonies" (D.I. 3 at 7,13); (2) the Delaware Supreme Court violated Petitioner's due process rights in March 2023 by affirming the Superior Court's denial of his Rule 35 motion to correct illegal sentence that presented the argument in Claim One of this Petition (D.I. 3 at 8-9); and (3) the Delaware state courts improperly "waived" Petitioner's due process rights during his habitual offender sentencing and again when denying his Rule 35(a) motion in 2023 by accepting defense counsel's statement that Petitioner admitted he had the requisite offenses for habitual offender sentencing purposes (D.I. 3 at 20, 23).

## II.    STANDARD OF REVIEW

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Additionally, a petitioner may not file a second or successive habeas petition and/or claim without first obtaining authorization from the appropriate court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. A petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal

---

petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff*, 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III.   DISCUSSION

The dismissal of Petitioner's first habeas petition constitutes an adjudication on the merits for second or successive habeas purposes. The instant Petition challenges the same 2006 convictions and habitual offender sentence that were challenged in Petitioner's first petition. And, although Petitioner presents his current challenge to his habitual offender sentence as a challenge to the Delaware state courts' denial of his 2023 Rule 35(a) motion, Petitioner could have asserted the Rule 35(a) motion's underlying argument in his original habeas petition. *See Benchoff*, 404 F.3d at 817-18. Given these circumstances, the Court concludes that the instant Petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas

Petition. Consequently, the Court concludes that it lacks jurisdiction to consider the Petition. See Rule 4, 28 U.S.C. foll. § 2254; Robinson, 313 F.3d at 139. The Court further concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the Petition for lack of jurisdiction, and will dismiss as moot the pending Motion to Stay the Proceeding. (D.I. 8)

## IV.   CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant unauthorized second or successive Petition for lack of jurisdiction, and dismiss the pending Motion as moot. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

A separate Order follows.

Dated: October 22, 2024

_____
Colm F. Connolly
Chief Judge

5